**AFFIRMED and Opinion Filed June 27, 2023**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

_____

**No. 05-22-01045-CR**
_____

**DERRICK WALTON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F17-41375**

# MEMORANDUM OPINION

Before Justices Nowell, Goldstein, and Breedlove
Opinion by Justice Goldstein

Derrick Walton appeals his aggravated assault with a deadly weapon against a family member conviction. Pursuant to a plea bargain agreement, appellant entered a guilty plea, and the trial court found him guilty and sentenced him to fifteen years' confinement. In a single issue, appellant complains that the trial court erred in denying his motion to dismiss the indictment for violation of his right to a speedy trial. We affirm the trial court's judgment.

## BACKGROUND

On October 10, 2017, appellant was charged by indictment in Dallas County on a charge of aggravated assault with a deadly weapon against a family member. The probable cause affidavit stated that, on August 1, 2017, appellant "drop kicked" his uncle, Amos Walton, in the head and then "fled the scene in a Penske truck." Amos spent two days in the hospital to recover from his injuries, and police interviewed Amos on August 4, 2017. Amos stated he had a broken jaw requiring surgery, a broken nose, and a broken arm resulting from appellant drop kicking Amos to the ground and kicking, stomping, and punching Amos.

Also on August 4, 2017, appellant struck another vehicle in Collin County. The record contains a Collin County probable cause affidavit stating that appellant was driving the Penske rental truck at the time of the accident, and he left the scene after the accident. Police interviewed Belinda Wright, appellant's passenger at the time of the accident, and she stated her relationship with appellant had recently ended, but she got in the truck with appellant so they could talk. Appellant drove off at a high rate of speed and refused to stop and let Wright out of the truck. After the accident, appellant drove away from the scene and eventually lost control of the truck, striking a tree in a parking lot where Wright was able to exit the truck and run away. Appellant yelled at Wright to get back in the truck and drove toward her as if he was going to run her over, but Wright escaped. Appellant was arrested in Collin

County for driving while intoxicated, unlawful restraint, aggravated assault with a deadly weapon, and accident involving damage to vehicle.

On August 9, 2017, an at-large warrant for appellant's arrest on a charge of aggravated assault was issued in Dallas County. On October 3, 2017, appellant posted a $15,000 bond in Dallas County. When appellant failed to appear at a trial setting on January 25, 2018, his bond was forfeited and a warrant for his arrest was issued. On June 22, 2018, Amos died while appellant remained at large with an active warrant. The warrant was executed on November 29, 2018. On December 13, 2018, the trial court in Dallas County appointed an attorney to represent appellant. On September 26, 2019, appellant's bond in Dallas County was discharged because appellant was incarcerated in the Denton County jail. On February 7, 2020, a Denton County jury convicted appellant and sentenced him to ten years' confinement. Appellant was sent to the Institutional Division of the Texas Department of Criminal Justice on March 12, 2020.

On January 31, 2022, at the State's request, a bench warrant was issued, and appellant was booked into Dallas County jail on February 11, 2022. On June 22, 2022, appellant rejected the State's plea bargain offer, and appellant orally asserted the clear invocation of the right to a speedy trial.[1] On July 21, 2022, appellant filed a motion to dismiss for violation of his right to a speedy trial. The next day, the trial

---

[1] In asserting the right, counsel remarked that appellant "may have asserted it before," but the record is devoid of any prior assertion.

court denied appellant's motion to dismiss. On August 29, 2022, appellant and the State reached a plea bargain agreement in which appellant pled guilty and agreed to a sentence of fifteen years' confinement. At a hearing that same day, the trial court agreed appellant preserved the right to appeal his speedy trial motion. The trial court's certification of appellant's right of appeal provided that this case is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and appellant had the right of appeal. This appeal followed.

## DISCUSSION

In a single issue, appellant complains that the trial court erred in denying his motion to dismiss the indictment for violation of his right to a speedy trial.

The Sixth Amendment to the U.S. Constitution guarantees the accused in a criminal prosecution the right to a speedy trial. *See* U.S. CONST. amend. VI. The right to a speedy trial attaches once a person is either arrested or charged. *Cantu v. State*, 253 S.W.3d 273, 281 (Tex. Crim. App. 2008). Courts determine a speedy trial claim on an ad hoc basis by analyzing and weighing four factors: (1) the length of the delay, (2) the State's reason for the delay, (3) the defendant's assertion of his right to a speedy trial, and (4) prejudice to the defendant because of the length of delay. *Barker v. Wingo*, 407 U.S. 514, 530 (1972); *Cantu*, 253 S.W.3d at 280. The State has the burden to justify the length of the delay, while the defendant has the

burden to prove he asserted his right and has been prejudiced. *Cantu*, 253 S.W.3d at 280.

We apply a bifurcated standard of review in a speedy trial analysis: we employ an abuse of discretion standard for the factual components and a de novo standard for the legal components. *State v. Lopez*, 631 S.W.3d 107, 113–14 (Tex. Crim. App. 2021). Thus, we give almost total deference to the trial court's historical findings of fact that are supported by the record. *Gonzales v. State*, 435 S.W.3d 801, 808 (Tex. Crim. App. 2014). The balancing test of the *Barker* factors is a purely legal question that we review de novo. *Balderas v. State*, 517 S.W.3d 756, 767–68 (Tex. Crim. App. 2016).

**The Length of the Delay**

To trigger a speedy trial analysis, the defendant must make an initial showing that "the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay." *Gonzales*, 435 S.W.3d at 808 (quoting *Doggett v. United States*, 505 U.S. 647, 651–52 (1992)); *see also Barker*, 407 U.S. at 530–32 (length of delay is "triggering mechanism" for analysis of other factors). Here, at the hearing on appellant's motion to dismiss, the State agreed that the delay of four years and eight months between appellant's indictment on October 10, 2017, and his assertion of his right to a speedy trial on June 22, 2022, was sufficient to trigger a full *Barker* analysis. We agree that, in this case, the length of time without a trial setting merits our addressing the three remaining *Barker* factors.

## The Reason for the Delay

The State blamed the delay in bringing appellant to trial, in part, on restrictions in court procedures during the Covid-19 outbreak. Specifically, the State pointed out that, from mid-March 2020 to April 21, 2021, no jury trials occurred in Dallas County due to the Covid-19 pandemic. The State argued further that the reason for the delay was "primarily the defendant's own conduct" in "failing to appear for nearly a year with an active warrant" and "the defendant's other criminal conduct" and conviction in Denton County. The State conceded, however, that a delay of thirteen months was due to State "negligence outside the period of the Covid-19 pandemic." Yet the State argued that, during that time, appellant was "in custody serving a TDC sentence, so he has not suffered any pretrial incarceration, essentially, at the hands of" the State.

Delay caused by the onset of a pandemic cannot be attributed as fault to the State. *State v. Conatser*, 645 S.W.3d 925, 930 (Tex. App.—Dallas 2022, no pet.). There is no evidence that the State deliberately delayed appellant's trial for strategic gain. *See id.* Moreover, the record shows appellant failed to appear at his first trial setting in January of 2018 while out on bond, and he remained at large with an active warrant from August 2017 until November 2018. Appellant was appointed counsel in December 2018.[2] By September 2019, appellant was incarcerated in the Denton

---

[2] During the hearing an exchanged occurred between appellant and the prosecutor relative to counsel signing pass slips resetting the case between January 2019 and September 2019. However, the record does

–6–

County jail, and on February 7, 2020, a Denton County jury convicted appellant and sentenced him to ten years' confinement. Under the facts and circumstances of this case, we conclude the second *Barker* factor weighs against neither the State nor appellant.

## Appellant's Assertion of the Right

There is no evidence in the record that Appellant asserted his right to a speedy trial prior to the oral invocation in June of 2022 after plea bargain negotiations failed. The subsequent written motion sought only to dismiss the indictment for violation of the right to a speedy trial. Appellant's assertion of his right should receive "strong evidentiary weight" in our determination of whether he has been deprived of that right. *See Balderas*, 517 S.W.3d at 771. If a defendant does not timely demand a speedy trial, we must assume that he did not really want one. *Id.* And the longer the delay before trial, the more likely it would be that a defendant wanting a speedy trial would request it. *Id.*

Here, the record reflects that appellant first raised the issue of a speedy trial approximately four years and eight months after he was arrested and indicted in Dallas County. When he finally raised the issue, defense counsel orally invoked the right to a speedy trial at the conclusion of a June 22, 2022 hearing. However, in the motion he filed on July 21, 2022, he solely sought dismissal of the indictment.

not contain these pass slips or an affirmative representation that the same were part of the court's file; therefore, this seven month span is without explanation.

"Filing for a dismissal instead of a speedy trial will generally weaken a speedy-trial claim because it shows a desire to have no trial instead of a speedy one." *Cantu*, 253 S.W.3d at 283. We conclude appellant's focus on the dismissal of the indictment as opposed to a speedy trial weighs against him.

### Prejudice to Appellant

The fourth and final *Barker* factor we consider is the prejudice caused to the defendant as a result of the State's delay. The defendant has the burden of showing prejudice. *Id.* at 280. We assess this factor in light of the three interests the right to a speedy trial is intended to protect: (1) preventing oppressive pretrial incarceration, (2) minimizing anxiety and concern of the accused, and (3) limiting the possibility that the defense will be impaired. *Hopper v. State*, 520 S.W.3d 915, 924 (Tex. Crim. App. 2017).

Here, appellant testified that his memory was "much sharper a couple of years ago," and his memory had "eroded" since he had been in the Institutional Division of the Texas Department of Corrections. In response to questioning, appellant testified he knew Amos had passed away in 2018, and the underlying events occurred in 2017. The prosecutor argued that anxiety and loss of memory were "the weakest most attenuated form of prejudice." We conclude that appellant failed to identify any significant prejudice caused by the State's delay in bringing him to trial. *See id.* The most significant prejudice, the loss of the complainant Amos, occurred approximately eleven months after the date an at-large warrant for appellant's arrest

on a charge of aggravated assault was issued in Dallas County and was not caused by the State's delay. At the time of Amos' death appellant was not seeking a speedy trial but instead remained at large with an active warrant. This factor weighs heavily against him.

We agree that the delay in this case merits a full *Barker* analysis; however, application of the *Barker* factors shows that the reason for the delay is shared by both appellant and the state, and is of neutral consideration, while the remaining two factors weigh to a greater or lesser degree against appellant. We conclude that the *Barker* factors weigh against finding a speedy trial violation. *See Barker*, 407 U.S. at 530; *Cantu*, 253 S.W.3d at 280. Therefore, the trial court did not err in denying appellant's motion to dismiss the indictment for violation of his right to a speedy trial. We overrule appellant's sole issue.

We affirm the trial court's judgment.

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
221045F.U05

–9–



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

DERRICK WALTON, Appellant

No. 05-22-01045-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 292nd Judicial District Court, Dallas County, Texas Trial Court Cause No. F17-41375. Opinion delivered by Justice Goldstein. Justices Nowell and Breedlove participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered June 27, 2023